Tim G. Ceperley (#112827)
ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone: (626) 535-1900
Facsimile: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") sued as "Wachovia Mortgage, a division of Wells Fargo Bank N.A."

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIA PEREZ,

Plaintiff,

v.

WACHOVIA MORTGAGE, a division of WELLS FARGO BANK, N.A., (Formerly known as WORLD SAVINGS BANK, FSB and WACHOVIA MORTGAGE, FSB) and DOES 1 through 10, inclusive,

Defendants.

CASE NO.: 3:12-cv-03407-RS

[The Honorable Richard Seeborg]

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: November 29, 2012
Time: 1:30 p.m.
Ctrm: 3 (17th Floor)

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT** on November 29, 2012 at 1:30 a.m. in Courtroom 3, 17th Floor of the above-captioned court, located at 450 Golden Gate Ave., San Francisco, California, the Honorable Richard Seeborg, presiding, defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") will move to dismiss Plaintiff's Complaint.

Grounds for the motion, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, are as follows:

1. <u>First Cause of Action: Violations of the Truth In Lending Act 15 U.S.C. 1601 et seq.</u>

Plaintiff fails to state a claim under TILA because: (i) the claim is barred by the doctrine of res judicata; (ii) the claim is barred by the statute of limitations; and (iii) plaintiff otherwise fails to plead facts sufficient to constitute a claim for relief.

2. <u>Second Cause of Action: Fraudulent Omissions</u>

Plaintiff fails to state a claim for fraudulent omissions because: (i) the claim is barred by res judicata; (ii) this state law claim is preempted by the Home Owners' Loan Act (HOLA); (iii) the claim is barred by the applicable statute of limitations; and (iv) the complaint does not comply with FRCP 9(b) and otherwise fails to allege facts sufficient to support a claim upon which relief could be granted.

3. <u>Third Cause of Action: Violation of Business and Professions Code Section 17200</u>

Plaintiff fails to state a claim for violation of Bus. & Prof. Section 17200 because: (i) the claim is barred by res judicata; (ii) this state law claim is preempted by the Home Owners' Loan Act (HOLA); (iii) plaintiff fails to state facts sufficient to state a cause of action and (iv) the claim is barred by the applicable statute of limitations.

4. <u>Fourth Cause of Action: Breach of Contract</u>

Plaintiff fails to state a claim for breach of contract because (i) the claim is barred by the doctrine of res judicata; (ii) the claim is barred by the applicable statute of limitations; and (iii) the complaint fails to allege facts sufficient to support a claim upon which relief could be granted.

5. <u>Fifth Cause of Action: Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

Plaintiff fails to state a cause of action for breach of the implied covenant because (i) the claim is barred by the doctrine of res judicata; (ii) the complaint fails to allege facts sufficient to

support a claim upon which relief could be granted; and (iii) . the claim is barred by the applicable statute of limitations

The motion is based on this notice, the memorandum of points and authorities, the request for judicial notice and its exhibits, Plaintiff's complaint, and on Wells Fargo's argument at the hearing on this motion.

Respectfully submitted,

Dated: October 22, 2012

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ Tim G. Ceperley
Tim G. Ceperley
tceperley@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ..... 4

1. INTRODUCTION ..... 4
2. SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE FACTS ..... 4
   - A. THE LOAN ..... 4
   - B. THE COMPLAINT ..... 5
3. AS A MEMBER OF A NATION-WIDE CLASS ACTION, PLAINTIFF'S CLAIMS HAVE BEEN FULLY RESOLVED AND MAY NOT BE RAISED AGAIN HERE ..... 6
4. PLAINTIFF'S CLAIMS ARE TIME-BARRED ..... 7
5. PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY THE HOME OWNER'S LOAN ACT ("HOLA") ..... 8
   - A. WACHOVIA OPERATED UNDER HOLA ..... 8
   - B. OTS REGULATIONS PROMULGATED UNDER HOLA PREEMPT STATE LAWS. ..... 9
   - C. STATE LAWS PREEMPTED BY HOLA. ..... 9
   - D. PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED ..... 11
6. EACH OF PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE INDEPENDENTLY FLAWED AND INVALID ..... 12
   - A. PLAINTIFF CANNOT MAINTAIN A FRAUDULENT OMISSION CLAIM. ..... 12
   - B. PLAINTIFF'S UCL CLAIM FAILS ..... 14
     - i. Plaintiff Fails To Allege A Fraudulent Act Or Practice. ..... 14
     - ii. Plaintiff Has Failed To Allege Facts That Support A Claim Under The Unfair Prong. ..... 14
   - C. PLAINTIFF HAS NOT ALLEGED ANY FACTS REFLECTING A BREACH OF THE NOTE ..... 15
   - D. PLAINTIFF DOES NOT STATE A BREACH OF THE IMPLIED COVENANT ..... 16
7. CONCLUSION ..... 17

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Alcaraz v. Wachovia Mortgage, FSB*,
2009 U.S. Dist. LEXIS 34009 (E.D. Cal. 2009) .......... 12

*Appling v. Wachovia Mortgage, FSB*,
2010 U.S. Dist. LEXIS 97726 (N.D. Cal. 2010) .......... 13

*Bank of Am. v. City & County of S.F.*,
309 F.3d 551 (9th Cir. 2002) .......... 10

*Birdsong v. Apple, Inc.*,
590 F.3d 955 (9th Cir. 2009) .......... 15

*Fidelity Federal Sav. & Loan Ass'n. v. de la Cuesta*,
458 U.S. 141 (1982) .......... 10

*Glenn K. Jackson Inc. v. Roe*,
273 F.3d 1192 (9th Cir. 2001) .......... 15

*Glover v. Fremont Inv. and Loan*,
2009 U.S. Dist. LEXIS 117890 (N.D. Cal. Dec. 18, 2009) .......... 18

*Guerrero v. Wells Fargo Bank, N.A.*,
2010 U.S. Dist. LEXIS 96261 (C.D. Cal 2010) .......... 12

*Hava v. U.S. Bancorp*,
2009 U.S. Dist. LEXIS 11985 (N.D. Cal. 2009) .......... 13

*Hava v. U.S. Bancorp*,
2009 U.S. Dist. LEXIS 119857 (N.D. Cal. Dec. 22, 2009) .......... 16

*Jones-Boyle v. Washington Mutual Bank, F.A.*,
2010 U.S. Dist. LEXIS 78208 (N.D. Cal. 2010) .......... 12

*McDonald v. Coldwell Banker*,
543 F.3d 498 (9th Cir. 2008) .......... 15

*Nava v. Virtual Bank, et al.*,
2008 U.S. Dist. LEXIS 72819 (E.D. Cal 2008) .......... 16

*Neu v. Terminix Int'l, Inc.*,
2008 U.S. Dist. LEXIS 32844 (N.D. Cal. April 8, 2008) .......... 15

*Quintero Family Trust v. Onewest Bank, FSB*,
2010 U.S. Dist. LEXIS 63659 (N.D. Cal. 2010) .......... 12

*Rosal v. First Fed. Bank of Cal.*,
671 F. Supp. 2d 1111 (N.D. Cal. 2009) ....................15

*Silvas v. E*Trade Mortgage Corp.*,
514 F.3d 1001 (9th Cir. 2008) ....................11

**STATE CASES**

*Berryman v. Merit Prop. Mgmt., Inc.*,
152 Cal. App. 4th 1544 (2006) ....................16

*Carma Developers, Inc. v. Marathon Development California, Inc.*,
2 Cal. 4th 342 (1992) ....................17

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
20 Cal. 4th 163 (1999) ....................16

*Citizens Open Access, Tide Inc. etc. v Seadrift Assn.*,
60 Cal. App. 4th 1053 (1998) ....................7

*Crowley v Kattleman*,
8 Cal. 4th 666 (1994) ....................8

*Goodman v. Kennedy*
18 Cal. 3d 335 (1976) ....................14

*Gregory v. Albertson's, Inc.*,
104 Cal. App. 4th 845 (2002) ....................16

*Hahn v. Mirada*,
147 Cal. App. 4th 740 (2007) ....................13

*Interinsurance Exch. of the Auto Club v Superior Court*,
209 Cal. App. 3d 177 (1989) ....................7

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal. 4th 1134 (2003) ....................15

*Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*,
6 Cal. App. 4th 603 (1992) ....................13

*McLain v. Octagon Plaza LLC*,
159 Cal. App. 4th 784 (2008) ....................17

*Niles v. Louis H. Rapoport & Sons, Inc.*,
53 Cal. App. 2d 644 (1942) ....................9

*Nymark v. Hart Federal Savings & Loan Ass'n*,
231 Cal. App. 3d 1089 (1991) ....................13

*OCM Principal Opportunities Fund L.P. v. CIBC World Markets Corp.*, 157 Cal. App. 4th 835 (2007) ....................13

*Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638 (2008) ....................15

*Villacres v ABM Indus., Inc.*, 189 Cal. App. 4th 562 (2010) ....................7

*Warner Constr. Corp. v. City of Los Angeles* 2 Cal. 3d 285 (1970) ....................13

**FEDERAL STATUTES**

12 U.S.C. § 1461, *et seq.* ....................7, 10

12 U.S.C. § 1464(a) ....................10

15 U.S. C. § 1601 ....................8

15 U.S.C. §1601, *et seq.* ....................16

15 U.S.C. §§ 1635(f), 1640(e) ....................8

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ....................9, 12, 13, 15

Cal. Bus. & Prof. Code § 17200 ....................6

Cal. Bus. & Prof. Code § 17208 ....................9

**State Laws.** ....................10

**REGULATIONS**

12 C.F.R. § 545.2 ....................10

12 C.F.R. § 560.2(a) ....................10

12 C.F.R. § 560.2(b) ....................10

12 C.F.R. § 560.2(b)(4), (9) ....................12, 13

61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) ....................11

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**MEMORANDUM OF POINTS AND AUTHORITIES**

## 1. INTRODUCTION

Defendant's predecessor in interest, World Savings Bank FSB, a federal savings bank, loaned the plaintiff $228,000.00 in March of 2005. The transaction was documented by way of an Adjustable Rate Mortgage Note and was secured by a Deed of Trust on the real property located at 2784 Entrada Circle, Antioch CA ("the property"). Plaintiff defaulted on the loan and accordingly a Notice of Default was issued in June of 2010. The plaintiff having made no effort to cure her default, the property was sold at a trustee's sale on November 10, 2010. Plaintiff filed this action some 19 months later based primarily on misconduct in connection with the loan's origination in 2005.

## 2. SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE FACTS

### A. The Loan

On March 31, 2005, plaintiff obtained a mortgage on the Property with a $228,000.00 loan (the "Loan") from World Savings Bank, FSB.. The loan was secured by a deed of trust encumbering the property. (Comp., Ex. A, and RJN, Exs. A and B). The Note states in bold capitalized print on its first page just below the title that it contains provisions providing for changes in interest rates, the amount of the monthly payment and the unpaid principal balance and that any increases in those sums are limited. Within the body of the Note section 3 entitled PAYMENTS says, among other things, that the initial monthly payment will be $837.05 which amount was selected by the plaintiff from a range of initial payment amounts approved by the lender and that this amount may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance. (Comp. Ex. A at Section 3(A)-(E); RJN, Ex. A)

World Savings Bank, FSB, thereafter changed its name to Wachovia Mortgage, FSB, but remained chartered under the Home Owner's Loan Act ("HOLA") and overseen by the Office of Thrift Supervision (the "OTS"). (RJN, Exs. C-E). Subsequently, Wachovia Mortgage, FSB, was merged into Wells Fargo Bank, N.A. (RJN, Ex. F)

Plaintiff defaulted on the loan and a Notice of Default was recorded with the Contra Costa County Recorder's office on June 27, 2008 by Golden West Savings Service Association

("Golden West"). (RJN, Ex. G) The Notice of Default reflects that, as of that time, the arrearage was 8,007.24 and that the loan had been in default since February 15, 2008. (Id.) Thereafter, on April 16, 2010 Cal-Western Reconveyance Corporation, as the duly substituted trustee, recorded a Notice of Trustee's Sale.(RJN, Ex. H). On October 14, 2010, the property was sold to a third party and a Trustee's Deed On Sale was recorded on November 10, 2010 (Comp., Ex. B; RJN, Ex. I.)

**B. <u>The Complaint</u>**

The complaint is an exact duplicate of the second amended complaint in the recently concluded class action litigation, *Dolores Mandrigues, individually and on behalf of all others similarly situated v. World Savings, Inc., et al.*, Case No. 5:07-cv-4497 (the "Class Action" or "*Mandrigues*"). The Mandrigues compliant is attached to the RJN as its Exhibit J) Following a lengthy set of general factual allegations Wachovia Mortgage a division of Wells Fargo Bank N.A.) with deceptive marketing of its Pick-A-Payment loans, the complaint is framed in five causes of action which may be summarized as follows:

- Violations of Truth-In Lending Laws: Defendant failed to disclose the terms of the Pick-A-Payment loans as required by federal statute including; the interest rate to be charged, basis for calculating the monthly payments due, the impact of the payment cap on the true cost of the loan and the effect of negative amortization ( Comp. ¶¶ 54-88);
- Fraudulent Omissions: Defendant had a duty to disclose facts regarding the actual interest rate to be charge, negative amortization, and the payments charges would not cover both principle and interest. This information was withheld in order to mislead consumers into believing that the loan was a low payment loan that would cover both principle and interest (Comp. ¶¶ 91-96);
- Unfair Competition: Defendant violated Bus. & Prof. Code 17200 by marketing a deceptively devised financial product (Comp. ¶¶ 106-128);
- Breach of Contract/Breach of the Implied Covenant of Good Faith: The loan either by virtue of express terms in the note and deed of trust, or by the

application of the implied covenant of good faith required defendant to apply monthly payments to both principle as well as to interest which it did not do (Comp. ¶¶ 136-138, and 146 - 149);

Each of the claims with the possible exception of the contract claims, is based on alleged failures by Wells Fargo to make disclosures concerning the terms of the Pick-A-Payment loans. The state law claims are all preempted by the Home Owner's Loan Act ("HOLA") 12 U.S.C. § 1461 et. seq. and each is barred by the judgment in the Class Action. In addition, each of the plaintiff's claims is barred by the applicable statute of limitations and/or otherwise fails to allege facts sufficient to state a cause of action as a matter of law.

**3. AS A MEMBER OF A NATION-WIDE CLASS ACTION, PLAINTIFF'S CLAIMS HAVE BEEN FULLY RESOLVED AND MAY NOT BE RAISED AGAIN HERE**

This Court certified a class action to include all borrowers under "Pick-A-Payment" loans issued by World Savings Bank, FSB between August 1, 2003 and December 31, 2008 (the "Class Action"). (RJN, Ex. K at 5:25-27 (Order Granting Final Approval of Class Action Settlement). Plaintiff is included in the class and did not opt-out. (See, Comp. Ex. A; RJN, Ex. L (Opt Out List). This settlement agreement in the Class Action released, *inter alia*, "Any and every actual or potential known or unknown claim . . . arising out of . . . the origination of the Settlement Class Member's Pick-a-Payment mortgage loan." RJN, Ex. M (Settlement Agreement at 31-32). The Class Action resulted in a dismissal of claims WITH PREJUDICE once the Court approved the Class Action Settlement. (RJN, Ex. N (Class Action Judgment)).

The doctrine of res judicata applies to court approved settlement agreements in class action cases which have been dismissed with prejudice. *Citizens Open Access, Tide Inc. etc. v Seadrift Assn.*, 60 Cal. App. 4th 1053, 1065 (1998) The doctrine of res judicata precludes the re-litigation of claims between the same parties or their privies that either were made or could have been made in a prior action. *Villacres v ABM Indus., Inc.*, 189 Cal. App. 4th 562, 576 (2010) The doctrine goes beyond claims that mirror each other in respect of their legal theories or fact patterns and extends to all claims which allege a violation of the same primary right. *Villacres v ABM Indus., Inc.* supra at 576; *Interinsurance Exch. of the Auto Club v Superior Court*, 209 Cal.

App. 3d 177, 181-182 (1989) A primary right is the right to be free from a particular injury or harm, as opposed to a particular legal theory. *Crowley v Kattleman*, 8 Cal. 4th 666, 681-682 (1994)

In the instant case, plaintiff is a member of one or more of the classes certified in the *Mandrigues* brought against World Savings Bank FSB predecessor to Wachovia Mortgage FSB now Wells Fargo Bank N.A. so there is no issue as to the identity of parties. The documents of which judicial notice was requested in support of the demurrer prove the class action case and its dismissal by virtue of a settlement agreement. (See, RJN Exs. K - N) Contrary to the allegation in the complaint (Comp. ¶ 156), the plaintiff did not opt out of the Class Action as reflected by the Opt Out List. (RJN, Ex. L) There is also no issue as to the identical nature of the primary right being asserted in the two cases since Ms. Perez has essentially copied the *Mandrigues* pleading. Accordingly the complaint and each of its claims are barred.

### 4. PLAINTIFF'S CLAIMS ARE TIME-BARRED.

Plaintiff obtained this loan in March, 2005, almost seven years before she filed suit in June of 2012. Since Plaintiff's claims all stem from the initial formation of the contract they are time barred as follows:

- First Cause of Action: (Truth In Lending, 15 U.S. C. § 1601): Plaintiff alleges that disclosures made at the time of origination were improper because the schedule of payments was not based on the actual interest rate or the actual interest rate was not disclosed (Comp. ¶¶ 57-59). Plaintiff seeks only damages. (Comp. ¶ 88) These alleged violations would have, of necessity, occurred at the time the loan was originated in 2005. Under TILA the limitations periods are three years for claims seeking rescission and one year for claims seeking damages. 15 U.S.C. §§ 1635(f), 1640(e) Regardless of the remedy sought, this claim is long time barred.
- Second Cause of Action – (Fraudulent Omission): A claim for fraud, including fraudulent omission, is subject to a three year statute of limitations. CCP § 338(a). According to plaintiff, when it initiated the Loan Wells Fargo fraudulently failed to disclose that her loan payments would not cover interest and principal and that the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

loan would negatively amortize. (Comp. ¶¶ 91-93). This claim relates to the disclosures made during the origination of the Loan and, therefore expired in March, 2008.

- Third Cause of Action (Business and Professions Code § 17200): This cause of action is based on the same charges concerning the loan's origination in 2005 as were the first and second claims This claim became barred by the four-year statute of limitations found at *Business & Professions Code* § 17208 as of March 2009.
- Fourth and Fifth Causes of Action (Breach of Contract and Breach of the Implied Covenant): Whether a plaintiff asserts a breach of express or implied terms of a written contract, such claims are subject to the four-year statute of limitations of CCP § 337. The action accrues on the date of the alleged breach. *Niles v. Louis H. Rapoport & Sons, Inc*., 53 Cal. App. 2d 644, 651 (1942). Plaintiff alleges that the note was breached either by virtue of express terms or the implied covenant of good faith and fair dealing when the defendant failed to apply her payments to both principal and interest. (Comp. ¶¶ 135 and 145). The claim is untimely because the Notice of Default reflects that Ms. Perez has not made any payments since February 15 ,2008. (RJN, Ex. G) Any claim for breach on this ground would had to have been brought, at the latest, by that date in 2012. Parenthetically, the implied covenant claim also alleges breach because the plaintiff was not given the low fixed rate loan she was promised. (Comp. ¶ 146) As discussed below, this allegation could not as a matter of law support a bad faith claim and would clearly be time barred as of March 2009.

For the foregoing reasons each of plaintiff's claims is time barred.

## 5. PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY THE HOME OWNER'S LOAN ACT ("HOLA")

### A. Wachovia Operated Under HOLA.

As the first page of the Deed of Trust informs them, plaintiff obtained her loan from a federal savings bank. (RJN, Exhibit B). It informed her that, as such, it was governed by federal

law. (RJN, Exhibit B, at ¶15.) In the case of a federal savings bank like World Savings Bank, FSB (which later changed its name to Wachovia Mortgage and then became a division of Wachovia Bank, N.A), it was regulated by the Office of Thrift Supervision ("OTS"). (Exhibits C-G to the RJN).

As a federal savings bank, Wachovia was organized and operated under the Home Owners' Loan Act. 12 U.S.C. § 1461, *et seq.* ("HOLA").

**B. <u>OTS Regulations Promulgated Under HOLA Preempt State Laws.</u>**

Pursuant to HOLA, the OTS was granted the power, "under such regulations as [it] may prescribe — to provide for the organization, incorporation, examination, operation, and regulation of ... Federal savings associations ...." 12 U.S.C. § 1464(a). OTS regulations are "preemptive of any state law purporting to address the subject of the operations of a federal savings association." 12 C.F.R. § 545.2. The OTS regulation at 12 C.F.R. § 560.2(a) declares that the "OTS hereby occupies the entire field of lending regulation for federal savings associations…" and a federal savings bank may extend credit "without regard to state laws purporting to regulate or otherwise affect their credit activities." "Federal regulations have no less preemptive effect than federal statutes." *Fidelity Federal Sav. & Loan Ass'n. v. de la Cuesta*, 458 U.S. 141, 153 (1982).

The HOLA preemption of state law claims is expansive. In *Bank of Am. v. City & County of S.F.*, 309 F.3d 551 (9th Cir. 2002), the court held: "[S]ince the passage of the HOLA in 1933, OTS regulations have governed the 'powers and operations of every federal savings and loan association from its cradle to its corporate grave.'" *Id.* at 558. The Supreme Court has noted that, "[i]t would have been difficult for Congress to give the [OTS] a broader mandate." *Fidelity, supra at 159-160.*

**C. <u>State Laws Preempted by HOLA.</u>**

The OTS regulation at 12 C.F.R. 560.2(b) expressly preempts state laws that would impose requirements on federal savings banks regarding:

> (b)(4) The **terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate**,

balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;

* * *

(b)(9) **Disclosure and advertising**, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants;

* * *

(b)(10) Processing, **origination,** servicing, sale or purchase of, or investment or participation in, mortgages; . . . 12 C.F.R. § 560.2(b)(10) **(emphasis added)**

To reconcile these preemptive regulations with the exceptions to preemption found in paragraph (c) of regulation 560.2, the OTS Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) instructs:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This preemption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

As the Ninth Circuit observed in *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1004-1005 (9th Cir. 2008), the OTS's construction of its own regulation 560.2 "must be given

controlling weight," and that any presumption against preemption does not apply to HOLA:

> 'We have described HOLA and its following agency regulations as a radical and comprehensive response to the inadequacies of the existing state system,' and 'so pervasive as to leave no room for state regulatory control.' '[B]ecause there has been a history of significant federal presence in national banking, the presumption against preemption of state law is inapplicable.' *Id.* [citations omitted].

**D. <u>Plaintiff's State Law Claims Are Preempted</u>**

Here, plaintiff's state law claims are preempted by HOLA because they relate to the terms of credit, the disclosures made to plaintiff and the processing, origination or servicing of plaintiffs' loan. Although variously styled as, fraudulent omissions, unfair business practices, breach of contract, and breach of the implied covenant, they are all based on the failure to adequately disclose the risk of negative amortization. Any such claims, no matter what they are called, attempt to use state law to impose obligations on the bank's terms of credit, disclosures or the processing, origination and servicing of its loans and thus fall within 12 C.F.R. § 560.2(b)(4), (9) or (10).

Case law is clear that claims of the sort made here are preempted. See *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261 (C.D. Cal 2010) (implied covenant and fraud claims based on inadequate disclosures and failure to consider a loan modification preempted by HOLA); *Alcaraz v. Wachovia Mortgage, FSB*, 2009 U.S. Dist. LEXIS 34009 (E.D. Cal. 2009) (unfair business practices claim based on failure to disclose loan terms preempted by HOLA); *Jones-Boyle v. Washington Mutual Bank, F.A.*, 2010 U.S. Dist. LEXIS 78208 (N.D. Cal. 2010) (claims for fraudulent omissions, violation of Business & Professions Code § 17200, breach of contract and the implied covenant based failure to disclose negative amortization and failure to explain the terms of an adjustable rate loan preempted by HOLA); *Quintero Family Trust v. Onewest Bank, FSB*, 2010 U.S. Dist. LEXIS 63659 (N.D. Cal. 2010) (claims for violation of Business & Professions Code § 17200 based failure to disclose loan terms and to grant or discuss

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

a loan modification preempted by HOLA); *Appling v. Wachovia Mortgage, FSB*, 2010 U.S. Dist. LEXIS 97726 (N.D. Cal. 2010) (claim for violation of Business & Professions Code § 17200 based failure to disclose loan terms and negative amortization preempted by HOLA) and *Hava v. U.S. Bancorp,* 2009 U.S. Dist. LEXIS 11985 (N.D. Cal. 2009) (claim for misrepresentation based failure to disclose loan terms, prepayment penalty and increase in interest rate preempted by HOLA).

Accordingly, all of plaintiff's state law claims for relief against Wachovia "fit within" 12 C.F.R. § 560.2 (b)(4), (9) or (10). Therefore, the "preemption analysis ends" and plaintiff's state law claims for relief are preempted by HOLA.

**6. EACH OF PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE INDEPENDENTLY FLAWED AND INVALID**

Apart from the systemic hurdles created by *res judicata*, the statutes of limitations and HOLA preemption, each of Plaintiff's state claims fails to state facts supporting a cause of action.

**A. Plaintiff Cannot Maintain A Fraudulent Omission Claim.**

A claim for concealment requires that the defendant must have been under a duty to disclose some fact to the plaintiff. *Hahn v. Mirada*, 147 Cal. App. 4th 740, 745 (2007). A bank, as a lender, does not owe fiduciary duties to its borrowers and, therefore, generally has no affirmative duty to make any disclosures to them. *OCM Principal Opportunities Fund L.P. v. CIBC World Markets Corp.*, 157 Cal. App. 4th 835, 846 (2007); *Nymark v. Hart Federal Savings & Loan Ass'n,* 231 Cal. App. 3d 1089, 1096 (1991).

"In transactions which do not involve fiduciary or confidential relations, a cause of action for non-disclosure of material facts may arise in at least three instances: (1) the defendant makes representations but does not disclose facts which materially qualify the facts disclosed, or which render the disclosure likely to mislead: (2) the facts are known or accessible only to defendant, and defendant knows they are not known to or reasonably discoverable by the plaintiff; (3) the defendant actively conceals discovery from the plaintiff." *Warner Constr. Corp. v. City of Los Angeles* 2 Cal. 3d 285, 294 (1970); accord, *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

6 Cal. App. 4th 603, 613 (1992); see also *Goodman v. Kennedy* (1976) 18 Cal. 3d 335, 347. These charges are subject to the same strict pleading requirements that apply to false representation claims, "mere conclusionary allegations that the omissions were intentional and for the purposes of defrauding and deceiving plaintiffs and bringing about the purchase … and that plaintiffs relied on the omissions in making such purchase are insufficient [to show fraud by concealment]." *Goodman*, 18 Cal. 3d at p.347.

In the instant case the concealed facts relate to what the plaintiff alleges is the certainty that her scheduled loan payments would result in negative amortization. (Comp. ¶ 95) Clearly this claim involves facts that were accessible to both parties in that the plaintiff admits that the terms of the Note disclose the potential for negative amortization. (Comp. ¶ 92, RJN, Ex. A at Sections 3(A) and (B)) Further to this point, the Note discloses the initial interest rate and the timing and basis for changes in the interest rate. (RJN, Ex. A at Section 2 (A)-(F)) The amount of the monthly payment is one selected by plaintiff herself so that she could have, had she wished, made her own determination at any time as to whether or not that amount would be sufficient to amortize principal and interest. As to the third category the complaint is devoid of any allegation that there was active concealment on the part of the lender.

At first glance it appears that the plaintiff's assertions might fit within the first category concerning partial but misleading representations; however a closer look debunks that theory as well. The fact that the potential for negative amortization is disclosed is not disputed by the plaintiff. (Comp. ¶ 92) Further, the Note discloses and plaintiff does not challenge that she chose the amount of her monthly payment from a menu of options. (RJN, Ex. A at Section 3(B)) The Note being, as plaintiff alleges, a product sold to many other consumers (Comp. ¶ 33) could not predict which payment the plaintiff would choose and so could not certify that negative amortization would occur since that would, of necessity, depend on the choice that was made as to the amount of the monthly payment. Seen in this light, the disclosure that appears in the Note is not only not misleading but entirely accurate and appropriate.

/ / /

/ / /

**B. Plaintiff's UCL Claim Fails**

An Unfair Competition Law ("UCL") claim requires a business practice that is forbidden by law, with particular facts showing ongoing unlawful, unfair, and fraudulent business acts. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003). Each prong of the UCL is a separate and distinct theory of liability. *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009) The plaintiff appears to be asserting a claim under the unfair and fraudulent prongs (Comp. ¶¶ 105 and 116); however, a comparison of what is actually pled with the legal parameters of those two prongs confirms that they do not apply to the facts alleged:

**i. Plaintiff Fails To Allege A Fraudulent Act Or Practice.**

The term "fraudulent" as used in section 17200 does not refer to the common law tort of fraud but only requires a showing members of the public are likely to be deceived. Unless the challenged conduct targets a particular disadvantaged or vulnerable group, it is judged by the effect it would have on a reasonable consumer. *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 645 (2008). A UCL claim founded upon fraud must be pled with specificity as required under Rule 9. *Rosal v. First Fed. Bank of Cal*., 671 F. Supp. 2d 1111, 1127 (N.D. Cal. 2009); *Neu v. Terminix Int'l, Inc*., 2008 U.S. Dist. LEXIS 32844 *15 (N.D. Cal. April 8, 2008) (plaintiffs' claims under Bus. & Prof. Code § 17200 must be pleaded with particularity). As discussed in the preceding section, the plaintiff has not properly alleged a claim for concealment so that cause of action cannot be resurrected simply by re-naming it as a UCL claim.

**ii. Plaintiff Has Failed To Allege Facts That Support A Claim Under The Unfair Prong.**

An unfair business practice under the UCL is "one that either offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumer." *McDonald v. Coldwell Banker,* 543 F. 3d 498, 506 (9th Cir. 2008); *Glenn K. Jackson Inc. v. Roe,* 273 F. 3d 1192, 1203 (9th Cir. 2001). Alternatively, an act is "unfair" under the UCL "if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could have

reasonably avoided." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1555 (2006). In *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999), the California Supreme Court cautioned against an overly broad interpretation of "unfair" in the context of the UCL, noting that "[v]ague references to 'public policy,' for example, provide little real guidance." *Id.* at 185. Thus, "where a claim of an unfair act or practice is predicated on public policy . . . Cel-Tech . . . require[s] that the public policy which is predicate to the action must be 'tethered' to specific constitutional, statutory or regulatory provisions." *Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 854 (2002).

The only statue or regulation referred to in the complaint is 15 U.S.C. 1601, et seq. commonly referred to as the Truth In Lending Act. (TILA) Because the TILA claim is time barred, it cannot serve to support a claim made under the UCL. In this regard it has been held that a UCL claim based on a time-barred TILA claim is preempted by TILA. In *Hava v. U.S. Bancorp*, 2009 U.S. Dist. LEXIS 119857 *9-*10 (N.D. Cal. Dec. 22, 2009), the court stated: "as applied in this case, the UCL conflicts with TILA, as it allows plaintiffs to seek relief for TILA violations, after TILA's statute of limitations has expired.…Based on this inconsistency and the Ninth Circuit's disapproval of such a result, the court finds that plaintiffs' claim is preempted by TILA, and is therefore time-barred." *Id.; see also Nava v. Virtual Bank, et al.*, 2008 U.S. Dist. LEXIS 72819 *21 (E.D. Cal 2008). Since the TILA claim in this case is long time barred it cannot serve as the basis of a claim under the "unfair prong".

**C. <u>Plaintiff Has Not Alleged Any Facts Reflecting a Breach of the Note</u>**

Plaintiff alleges that Wells Fargo breached a contract by applying her payments to interest and not principal, even though they were insufficient to cover the interest. (Comp¶ 129 and 135). This cause of action is apparently based on the second Note attached as Exhibit A to the complaint. A complete and fair reading of that document confirms that Wells Fargo did not breach the agreement.

As discussed above, the Note informed plaintiff that, depending on the amount of the monthly payment she selected, negative amortization could occur. (Comp, Ex. A, Sec. 3(B) and

/ / /

3(E)). The Deed of Trust further explains that payments will only be applied to principal after paying advances and interest. (RJN, Ex. B, Sec. 3, a p.5 (Deed of Trust)).

Plaintiff's characterization of the contract as requiring application of his payment to principal and interest even though it was not enough to cover interest is an improper attempt to vary the document's express terms. The Court should rely on the written expression of the parties' agreement rather than contrary descriptions of it in the body of the complaint. Plaintiff's attempt to rewrite the contract must be rejected and this cause of action dismissed.

**D. Plaintiff Does Not State a Breach of the Implied Covenant**

The elements of a cause of action for breach of the implied covenant of good faith and fair dealing are: (1) the existence of a contract; (2) the plaintiff did all, or substantially all, of the significant things the contract required; (3) the conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct. *Carma Developers, Inc. v. Marathon Development California, Inc.*, 2 Cal. 4th 342, 371-375 (1992) Significantly, the implied covenant can never be used to vary the express terms of a contract. *Id.* at 375. Yet, that is just what Plaintiff is trying to do.

Plaintiff claims that Wachovia breached the implied covenant by applying her payment only to interest and not to principal. (Comp. ¶ 143). Both the Note and the Deed of Trust specify how payments will be applied. If the payment is not enough to cover the interest, then none of it gets applied to principal. (RJN, Ex. A Section 3(E) and Ex. B, Sec 3, p. 5). Plaintiff cannot use the implied covenant to alter these express terms.

The plaintiff also seems to be alleging that the implied covenant was breached because the plaintiff was not given the fixed low interest rate loan she was promised before she actually signed the Note and Deed of Trist. (Comp. ¶ 146) Because the alleged conduct took place *before* the parties entered into the loan it cannot from the basis of a claim for breach of the implied covenant. *McLain v. Octagon Plaza LLC,* 159 Cal. App. 4th 784, 799 (2008) Allegations that "pertain to the formation of the contract, rather than its performance or

/ / /

enforcement . . . will not be sufficient" to state an implied covenant claim. *Glover v. Fremont Inv. and Loan*, 2009 U.S. Dist. LEXIS 117890 at *20-*21 (N.D. Cal. Dec. 18, 2009).

## 7. CONCLUSION

Plaintiff has not articulated a viable cause of action. No amount of amending will allow him to avoid the *res judicata* impact of the Class Action judgment or the effect of HOLA preemption. For all the foregoing reasons, the motion to dismiss should be granted with prejudice.

Respectfully submitted,

Dated: October 22, 2012

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/*Tim G. Ceperley*
Tim G. Ceperley
tceperley@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

on the interested parties in said case as follows:

***Served By Means Other than Electronically Via the Court's CM/ECF System:***

*Plaintiff in Pro Per:*

Maria Perez
1809 Yolanda Circle
Clayton, CA 94517
(925) 238-5878

☒ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on October 22, 2012.

| Lina C. Velasquez | */s/ Lina C. Velasquez* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |