IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MARIA PEREZ,

        Plaintiff,

   v.

WACHOVIA MORTGAGE, a division of WELLS FARGO BANK, N.A., *et al.*,

        Defendants.
_____/

No. C 12-03407 RS

**ORDER GRANTING MOTION TO DISMISS**

    Maria Perez took out an adjustable rate "pick a payment" mortgage secured by her home from World Saving Bank, FSB, in March of 2005. World Savings Bank subsequently changed its name to Wachovia Mortgage, FSB. Thereafter, Wachovia Mortgage was merged into Wells Fargo Bank, N.A. Perez, representing herself, filed a complaint in June 2012, alleging that Wachovia violated the Truth in Lending Act (15 U.S.C. §1601, *et seq.*) and the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*), as well as made fraudulent omissions, breached a contract, and breached the covenant of good faith and fair dealing, in giving her the mortgage. Defendant Wells Fargo has moved to dismiss Perez's complaint.

It appears that Perez has abandoned this action. She did not file an opposition to the motion to dismiss, nor did she appear at the hearing on that motion. For this reason alone, defendant's motion to dismiss may be granted. For the reasons discussed below, going to the merits of Perez's claims, the motion to dismiss is granted with prejudice.

## I. MOTION TO DISMISS

Defendants note that Perez's complaint is substantially identical to the Corrected Second Amended Class Action Complaint in *Mandrigues, et al. v. World Savings, Inc., et al.*, No. C-07-04497-JF (RS), a class action challenging World Savings Bank's practices in connection with making adjustable rate "pick a payment" residential mortgages between August 1, 2003 and December 1, 2008. *See infra* II. The *Mandrigues* case led to *In re Wachovia Corp. "Pick-A-Payment" Mortgage Marketing and Sales Practice Litigation* in which the court certified a class and approved a class action settlement. Plaintiff is included in the definition of the class that was certified in that case, as she concedes in her complaint by alleging that she opted out of the proposed class action settlement. Perez's allegation that she opted out of the settlement is contradicted by the official court record in that case. Her name does not appear on the opt-out list. *See infra* II. Therefore, the class action settlement is *res judicata* to her present individual suit, which makes the same legal claims, arising out of the same factual circumstances, against the same parties, as the *Mandrigues* case. *See Citizens for Open Access to Sand & Tide, Inc.v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1065 (1998).

Furthermore, even if Perez's claims were not barred by the settlement in the prior litigation over Wachovia's adjustable rate mortgage practices, she has waited too long to bring them. She took out her mortgage in 2005, but did not file her lawsuit until seven years later in June 2012. The applicable statutes of limitations for her claims have long passed. *See* Truth in Lending Act, 15 U.S.C. § 1640(e) (one year statute of limitations for damages claims); Cal. Code of Civ. Proc. § 338(a) (three year statute of limitations for fraudulent omissions); Unfair Competition Law, Cal. Bus. & Prof. Code §17208 (four year statute of limitations); Cal. Code of Civ. Proc. § 337 (four year statute of limitations running from February 15, 2008, when she made her last payment under the

contract). There is, therefore, no need to address the remaining arguments advanced by the defendants on the merits, including preemption and failure to state a claim.

## II. REQUEST FOR JUDICIAL NOTICE

In connection with its motion to dismiss, defendant requests that the Court take judicial notice pursuant to Federal Rule of Evidence 201(b)(2) of certain documents: (1) an adjustable rate mortgage note signed and dated March 31, 2005 by plaintiff; (2) a deed of trust signed and dated March 31, 2005 by plaintiff and recorded in the records of the Contra Costa County Recorder's Office on April 8, 2005, as DOC-5005-0121802-00, (3) a certificate of corporate existence dated April 21, 2006, from the Office of Thrift Supervision, Department of the Treasury, (4) a letter dated November 19, 2007, from the Office of Thrift Supervision , Department of the Treasury, (5) the charter of Wachovia Mortgage, FSB, dated December 31, 2007, and signed by the Office of Thrift Supervision, (6) the official certification of the Comptroller of the Currency stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A., (7) a notice of default and election to sell under deed of trust dated June 24, 2008, and recorded in the official records of the Contra Costa County Recorder's Office on June 27, 2008, as DOC-2008-0144977-00, (8) a notice of trustee's sale dated April 6, 2010, and recorded in the official records of the Contra Costa County Recorder's Office on April 16, 2010, as DOC-2010-0075688-00, (9) a trustee's deed upon sale dated October 14, 2010 and recorded in the official records of the Contra Costa County Recorder's Office on November 10, 2010, (10) the Corrected Second Amended Class Action Complaint in *Mandrigues, et al. v. World Savings, Inc., et al.*, No. C-07-04497-JF (RS), (10) the Order Granting Final Approval of Class Settlement in *In re Wachovia Corp. "Pick-A-Payment" Mortgage Marketing and Sales Practice Litigation*, No. 09-MD-02015-JF, (11) Exhibit C, the exclusion list to Docket No. 157-2 in *In re Wachovia Corp. "Pick-A-Payment" Mortgage Marketing and Sales Practice Litigation*, No. 09-MD-02015-JF, (12) Exhibit A, the signed agreement and stipulation of class action, to Docket No. 112 in *In re Wachovia Corp. "Pick-A-Payment" Mortgage Marketing and Sales Practice Litigation*, No. 09-MD-02015-JF, and (13) the final judgment in *In re Wachovia Corp. "Pick-A-Payment" Mortgage Marketing and Sales Practice Litigation*, No. 09-MD-02015-JF.

The request is granted as to document 1, because it is a true and correct copy of a document referred to in the complaint on which the complaint necessarily relies, as to documents 2 and 7 through 9 because they are true and correct copies of official records of the Contra Costa County Recorder's Office, as to 3 through 6 because they are true and correct copies of documents that reflect official acts of the United States' executive department, and as to 10 through 13 because they are true and correct copies from the official records of the United States District Court for the Northern District of California in cases involving the same parties as those in this case.

### III. CONCLUSION

For all of the reasons set forth in this order, Perez's case must be dismissed. Dismissal is with prejudice because Perez has abandoned this action and, given that her claims are *res judicata*, there is no set of facts that Perez could plead in an amended complaint that would entitle her to recover.

IT IS SO ORDERED.

Dated: 11/29/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 12-03407 RS
ORDER
4